UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| STEVEN VARGAS,<br><br>　　　　Plaintiff,<br><br>　vs.<br><br>COUNTRYWIDE HOME LOANS, INC., et al.,<br><br>　　　　Defendants. | Case No: C 09-4533 SBA<br><br>**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS OR, IN THE ALTERNATIVE, STRIKE PORTIONS OF PLAINTIFF'S FIRST AMENDED COMPLAINT**<br><br>[Docket No. 20] |

　　　　The parties are presently before the Court on Defendants' Motion to Dismiss or, in the Alternative, to Strike Portions of First Amended Complaint and for a more Definitive Statement ("Motion to Dismiss").[1]  The motion is unopposed.  Having read and considered the papers submitted in connection with this matter, and being fully informed, the Court hereby GRANTS the Motion to Dismiss for the reasons set forth below.  Pursuant to Federal Rule of Civil Procedure 78(b), the Court adjudicates this matter without oral argument.

I.　　**BACKGROUND**

　　　　On August 19, 2009, Plaintiff Steven Vargas ("Plaintiff") filed the instant action against Defendants in the Superior Court of the State of California, County of Sonoma.  (See Docket No. 1, Notice of Removal.)  Plaintiff's Complaint alleged numerous violations of state and federal laws in connection with the origination of Plaintiff's mortgage loan.  On September 25, 2009, the Defendants removed the action to federal court pursuant to 28 U.S.C. § 1331.  (Id.)  On December 29, 2009, Plaintiff filed a First Amended Complaint. (Docket No. 17.)  The FAC, unlike the original complaint, alleges only state law violations against Defendants based on the same set of factual allegations regarding the origination of Plaintiff's mortgage loan.  On January 8, 2010,

---

[1] Defendants are Countrywide Home Loans, Inc., CTC Real Estate Services and Mortgage Electronic Systems, Inc. (collectively, "Defendants").

Defendants filed the instant Motion to Dismiss (Docket No. 20), which is scheduled for hearing on May 4, 2010.  On April 14, 2010, Defendants filed a Defendant's Notice of Plaintiff's Non-Opposition to Defendants' Motion to Dismiss.  (Docket No. 28.)  To date, no opposition has been filed nor has the Court received any other communication from Plaintiff.

## II.     DISCUSSION

The Ninth Circuit has held that the failure to file an opposition to a motion to dismiss in accordance with the district court's local rules is grounds for granting the motion.  Ghazali v. Moran, 46 F.3d 52, 53 (9th Cir. 1995); see Fed.R.Civ.P. 41(b).  In Ghazali, the Ninth Circuit held that in exercising its discretion to dismiss an action for failing to comply with a district court's local rules, the court is "required to weigh several factors: '(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions.'"  Id. (quoting Henderson v. Duncan, 779 F.2d 1421, 1423 (9th Cir. 1986)); Fed. R. Civ. Proc. 41(b).  Upon balancing the Ghazali factors under the facts of this case, the Court finds that dismissal is warranted.

The first and second factors both favor dismissal.  Under Local Rule 7-3, Plaintiff was obligated to file his opposition to Defendants' motion by April 13, 2010 (i.e., 21 days prior to the hearing on the motion).  In contravention of the Court's Local Rules, Plaintiff failed to respond to the motion, which inherently delays resolution of the case and inures to the detriment of the public.  See Pagtalunan v. Galaza, 291 F.3d 639, 642 (9th Cir. 2002) ("It is incumbent upon the Court to manage its docket without being subject to routine noncompliance of litigants[.]"); Yourish v. California Amplifier, 191 F.3d 983, 990 (9th Cir. 1999) (recognizing court's need to control its own docket); see also Ferdik v. Bonzelet, 963 F.2d 1258, 1261 (9th Cir. 1992) (non-compliance with a court's order diverts "valuable time that [the court] could have devoted to other major and serious criminal and civil cases on its docket.").

The third factor, the risk of prejudice to Defendants, is related to the strength of Plaintiff's excuse for the default, if any.  See Yourish, 191 F.3d at 991.  Here, Plaintiff has offered no "excuse" for his non-compliance, nor is any apparent from the record.  Given that Defendants filed

their motion over three months ago, Plaintiff has had ample opportunity to prepare and file a response to the motion.  These facts also weigh strongly in favor of dismissal.  See Yourish, 191 F.3d at 991; Ghazali, 46 F.3d. at 54.

The fourth factor favoring disposition of cases on the merits, by definition, weighs against dismissal.  Pagtalunan, 291 F.3d at 643 ("Public policy favors disposition of cases on the merits. Thus, this factor weighs against dismissal.")

Finally, the Court has considered less drastic alternatives to dismissal.  The Court's Standing Orders warn that as a consequence of a party's failure to oppose a motion, the Court will construe such inaction as a consent to the granting of the motion.  "[A] district court's warning to a party that failure to obey the court's order will result in dismissal can satisfy the 'consideration of [less drastic sanctions]' requirement."  Ferdik, 963 F.2d at 1262; Brydges v. Lewis, 18 F.3d 651, 653 (9th Cir. 1994) ("We conclude that because Brydges was warned of the consequence of his failure to respond to the appellees' summary judgment motion, the district court did not err by deeming his failure to respond a consent to the motion for summary judgment.").

### III.     CONCLUSION

Weighing the relevant factors, the Court exercises its discretion and grants Defendants' unopposed Motion to Dismiss pursuant to Rule 41(b).  For the reasons stated above,

IT IS HEREBY ORDERED THAT Defendants' Motion to Dismiss is GRANTED. The Clerk shall close the file and terminate any pending matters.

IT IS SO ORDERED.

Dated: 5/7/10

                                         SAUNDRA BROWN ARMSTRONG
                                         United States District Judge